```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                          CAMDEN VICINAGE
```

DERRICK ROUNDTREE,                :
                                  :    Civ. No. 20-20744(RMB-MJS)
          Plaintiff               :
                                  :
     v.                           :    **OPINION**
                                  :
OFFICER D. SANTIAGO,              :
*et al.*,                         :
                                  :
          Defendants              :

BUMB, DISTRICT JUDGE

Plaintiff Derrick Roundtree, a prisoner confined at Bayside State Prison in Leesburg, New Jersey, brings this civil rights complaint under 42 U.S.C. § 1983. (Compl., Dkt. No. 1.) Plaintiff did not pay the filing fee and his application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) ("IFP application") is incomplete because he did not submit a certified copy of his inmate trust account statement. Before this action may proceed, Plaintiff must either pay the $350 filing fee and $50 administrative fee, or file a properly completed IFP application.[1] Pursuant to Brown v.

---

[1] 28 U.S.C. § 1915(a)(2) provides:

> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the

Sage, courts have "the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously." 941 F.3d 655, 660 (3d Cir. 2019), cert. denied, 140 S. Ct. 1303 (2020). The Court will exercise its discretion to consider the merits of the complaint.

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) and 42 U.S.C. § 1997e(c)(1) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. For the reasons discussed below, the Court will dismiss permit certain claims to proceed upon Plaintiff's payment of the filing fee or grant of permission to proceed *in forma pauperis* and dismiss the remainder of the claims without prejudice.

---

complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

I.  *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

3

misconduct alleged." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

   A. The Complaint

The named defendants in the complaint are employees of South Woods State Prison, including Officer D. Santiago, Officer Stade, Officer Murphy, Officer Echevaria, Officer Volov, Officer Craney, John Does #1-3 and Jane Does #1-3. Plaintiff alleges the following facts in his complaint, accepted as true for purposes of this screening opinion. In 2016, Plaintiff was incarcerated at South Woods State Prison. (Compl., ¶ 19, Dkt. No. 1.) Plaintiff filed a grievance against Officer S. Waters for using threatening and

4

abusive language against him. (Compl., ¶ 20, Dkt. No. 1.) He spoke to Sergeant Saul about the incident, but Saul did nothing. (Id., ¶ 21.) Several days later, Plaintiff had words with Officer Waters, who directed him to "lock in." (Id., ¶ 22.) Several officers soon arrived at Plaintiff's cell and told him to put his hands in the port to be handcuffed. (Id., ¶ 23.) Believing this was how officers typically assaulted inmates, Plaintiff refused to put his hands in the port until Lieutenant Taylor was called. (Id.) Lieutenant Taylor arrived and told Plaintiff nobody would hurt him, and Plaintiff put his hands in the port. (Id., ¶ 24.) An officer, identified in the complaint as Jane Doe No. 1, began spraying mace through the port. (Id.) Plaintiff was taken to the medical unit, where he indicated that he was okay. (Id.) A call came over the radio directing that Plaintiff be taken to E.C.U. for observation. (Id., ¶ 25.) In the E.C.U., Plaintiff was served with a misconduct, which he alleges contained false charges. (Id., ¶ 26.) After a disciplinary hearing, Plaintiff was found guilty and sanctioned. (Id., ¶ 27.) He was transferred to New Jersey State Prison to serve his sanction in the administrative segregation unit, and was transferred back to South Woods State Prison on November 27, 2018. (Id., ¶¶ 28, 29.)

On December 29, 2018, Defendant Santiago approached Plaintiff and said Officer Murphy told him that Plaintiff was a tough guy

who liked to put his hands on women. (Compl., ¶ 30, Dkt. No. 1.) Plaintiff responded loudly because he wanted to attract attention, fearing that Santiago was going to assault him. (Id., ¶ 31.) Sergeant Session responded to the area and told Plaintiff to return to his unit and let him know if he had any more trouble with Santiago. (Id., ¶ 32.)

On January 1, 2019, Santiago approached Plaintiff in the medication line and tried to initiate an argument, but Officer Slusarczyk told Plaintiff to ignore it, and Plaintiff complied. (Id., ¶ 33.) As Plaintiff was leaving, Officers Santiago and Murphy punched him and Officers Volov, Echevarria, Stade and Craney joined in the assault. (Id., ¶¶ 35-38.) The officers punched, kicked, sprayed mace, hit Plaintiff with a metal baton, spat on him and used racial slurs. (Id.)

Plaintiff was sent to the medical unit where x-rays were ordered. (Id., ¶ 38.) He was subsequently hospitalized at Cooper Medical Center, where he remained for five days. (Id.) Plaintiff suffered impairment of sight in his left eye and multiple abrasions and contusions. (Id., ¶ 40.) Upon returning to South Woods State Prison, Lieutenant John Doe took Plaintiff's knee brace away from him. (Id., ¶ 41.) According to Plaintiff, Defendants issued false misconducts against him to cover up for their unprovoked assault. (Id., ¶ 42.) After a disciplinary hearing held on January 14, 2019,

6

Plaintiff was found guilty of the charges, and was transferred to the administrative segregation unit. (Compl., ¶¶ 43, 44, Dkt. No. 1.)

Plaintiff appealed the disciplinary sanction using the prison grievance procedure, and his appeal was denied (Id., ¶ 45.) Plaintiff then appealed the disciplinary decision to the New Jersey Appellate Division, but his appeal remained pending when he filed the instant complaint. (Id., ¶¶ 46-48.) On September 15, 2019, Plaintiff was advised that no charges would be filed as a result of the Department of Corrections Special Investigation Division's ("SID") investigation of the matter. (Id., ¶ 49.) Plaintiff told the SID investigators that something had been done to the cameras to prevent review of the incident. (Id., ¶ 51.)

Plaintiff raises claims of excessive force and retaliation for exercise of his constitutional rights, as well as violation of his rights under the Fourteenth Amendment. For relief, Plaintiff seeks monetary damages, declaratory judgment, and any other relief deemed just and proper. (Id., Dkt. No. 1 at 8-9.)

    B.   Claims Under 42 U.S.C. § 1983

A plaintiff may assert a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1998); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

1. *Statute of Limitations*

"A section 1983 claim is characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims." Dique v. New Jersey State Police, 603 F.3d 181, 185 (3d Cir. 2010) (citing Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989)). "[A] section 1983 claim arising in New Jersey has a two-year statute of limitations." Id. at 185 (3d Cir. 2010) (citing N.J. Stat. Ann. § 2A:14-2 (West 2004)). Federal law governs when the Section 1983 claim accrues; a claim accrues and the two-year statute of limitations begins to run when a wrongful act causes

8

damages. Dique, 603 F.3d at 185 (citing Wallace v. Kato, 549 U.S. 384, 388 (2007) (quotation omitted)).

The two-year statute of limitations expired in 2018 on the excessive force, First Amendment retaliation and Fourteenth Amendment due process claims arising out of the incidents in 2016 that are alleged in the amended complaint. According to the prison mailbox rule,[2] Plaintiff filed his original complaint on December 27, 2020, two years after the statute of limitations expired on any claims arising in 2016. Plaintiff does not allege any basis for equitable tolling of the limitations period. The Court will, therefore, dismiss the claims without prejudice as barred by the statute of limitations, subject to amendment if Plaintiff has a basis for equitable tolling.

    2. *Eighth Amendment Claims*

        a. *Excessive Force Claims*

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is … whether force was applied in a good-faith effort to maintain or restore discipline, or

---

[2] Under the prison mailbox rule … a pleading is deemed filed at the time a prisoner executes it and delivers it to prison authorities for mailing. Moody v. Conroy, 680 F. App'x 140, 144 (3d Cir. 2017) (citing Houston v. Lack, 487 U.S. 266, 276 (1988); Pabon v. Superintendent S.C.I. Mahanoy, 654 F.3d 385, 391 n.8 (3d Cir. 2011)).

9

maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). Accepting Plaintiff's allegations as true, that he suffered an unprovoked beating by the named defendants, Plaintiff's Eighth Amendment excessive force claims may proceed against the following defendants, Officer D. Santiago, Officer Stade, Officer Murphy, Officer Echevaria, Officer Volov, Officer Craney. Plaintiff did not specify whether any of the John and Jane Doe Defendants were involved in the alleged assault on him in 2019. Therefore, the Eighth Amendment excessive force claims against the Doe Defendants are dismissed without prejudice.

      b.    *Inadequate Medical Care Claim*

Plaintiff alleges that after his hospitalization in January 2019, his knee brace was confiscated by Lieutenant John Doe upon his return to South Woods State Prison. (Compl., ¶ 41, Dkt. No. 1.) "Only 'unnecessary and wanton infliction of pain' or 'deliberate indifference to the serious medical needs" of prisoners are sufficiently egregious to rise to the level of a constitutional violation." Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (quoting White v. Napoleon, 897 F2d 103, 108-09 (3d Cir. 1990)). Deliberate indifference may be shown "where 'knowledge of the need for medical care [is accompanied by the] ... intentional refusal to provide that care,'" Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (quoting Monmouth Cty. Corr. Inst.

Inmates v. Lanzaro, ("MCCI") 834 F.2d 326, 347 (3d Cir. 1987) (quoting Ancata v. Prison Health Servs., 769 F.2d 700, 704 (11th Cir. 1985)) (alterations in original)).

The Court infers that Plaintiff was prescribed a knee brace when he was treated at Cooper Hospital. Therefore, Plaintiff has adequately alleged a serious medical need. See MCCI, 834 F.2d at 347 ("a serious medical need is 'one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'") However, Plaintiff does not provide enough information for the Court to analyze this claim against Lieutenant "John Doe." For instance, Plaintiff failed to allege that confiscation of his knee brace violated the doctor's orders, failed to allege why the knee brace was confiscated, and failed to allege whether the brace was returned to Plaintiff or whether the prison medical staff determined the knee brace was no longer necessary because they provided alternative treatment for Plaintiff's knee injury. If Plaintiff can provide additional relevant facts, he may reallege this claim in an amended complaint.

3. *First Amendment Retaliation Claims*

To establish a First Amendment retaliation claim for engaging in constitutionally protected conduct, a plaintiff must allege that "(1) his conduct was constitutionally protected; (2) he

11

suffered an adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to discipline him." Watson v. Rozum, 834 F.3d 417, 422 (3d Cir. 2016) (citing Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001)).

Plaintiff alleges he suffered severe injury because he "exercised his First Amendment right to free speech." (Compl., ¶ 53, Dkt. No. 1.) The Court construes the amended complaint as alleging that the named defendants physically assaulted Plaintiff in retaliation for the grievance he filed against Officer Waters in 2016. Plaintiff, however, fails to allege facts suggesting that his constitutionally protected conduct of filing a grievance was a motivating factor in the physical assault on him. Plaintiff alleged that he submitted a grievance against Officer Waters in 2016, but he alleges the named defendants physically assaulted him in retaliation nearly three years later, in 2019. "[T]he timing of the alleged retaliatory action must be 'unusually suggestive' of retaliatory motive before a causal link will be inferred." Watson, 834 F.3d at 424. "[W]here the temporal proximity is not so close as to be 'unduly suggestive,' the appropriate test is 'timing plus other evidence.'" Id. at 424 (quoting Farrell v. Planters Lifesavers Co., 206 F.3d 271, 281 (3d Cir. 2000)). Plaintiff's allegation that Defendants Santiago and Murphy accused him of being

12

a tough guy who liked putting his hands on women, just before they assaulted him, does not create a reasonable inference that they assaulted Plaintiff because he filed a grievance against Officer Waters in 2016.

Furthermore, Plaintiff alleges that the defendants' "bogus misconducts" against him were made in retaliation for his initial grievance, and to "cover for their brutal assaults against the Plaintiff." (Compl., ¶¶ 42, Dkt. No. 1.) However, Plaintiff failed to provide specific details describing the charges made against him, including who made the charges and how they were false. The Court will dismiss Plaintiff's First Amendment retaliation claims against Officer D. Santiago, Officer Stade, Officer Murphy, Officer Echevaria, Officer Volov, Officer Craney, without prejudice because he failed to allege a connection between the initial grievance against S. Waters and the assault against Plaintiff in 2019. Furthermore, Plaintiff has not alleged how any John or Jane Doe defendant was involved in the retaliation claims, thus, the retaliation claims against the Doe Defendants will also be dismissed without prejudice. Plaintiff is permitted to file an amended complaint if he can allege additional facts in support of a First Amendment retaliation claim.

    4. *Fourteenth Amendment Claim*

Plaintiff raises a claim under the Fourteenth Amendment

without providing any specific explanation of the claim. The Court liberally construes the amended complaint as raising a Due Process claim(s) in connection with Plaintiff's 2019 disciplinary hearing, which resulted in a finding of guilt and sanctions including administrative segregation. "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676 (2009). Plaintiff did not specify what each defendant did to deprive him of due process. (Compl., ¶¶ 42-45, Dkt. No. 1.) Although Plaintiff alleges the disciplinary charges against him were false, he also alleges that he was found guilty after a disciplinary hearing, and his appeal remains pending before the New Jersey Appellate Division. See Edwards v. Balisok, 520 U.S. 641, 645 (1997) (if the nature of a plaintiff's challenge to the procedures employed in a prison disciplinary hearing would necessarily invalidate the decision of the hearing officer, the claim is not cognizable under Section 1983 until the hearing officer's decision is vacated or otherwise invalidated). Therefore, the Court will dismiss the Fourteenth Amendment claim(s) without prejudice. If the Court has not construed Plaintiff's Fourteenth Amendment claim as Plaintiff intended it, Plaintiff may file an amended complaint that alleges what each defendant did to violate his rights protected by the Fourteenth

14

Amendment.

III. CONCLUSION

Plaintiff's Eighth Amendment excessive force claims arising from the alleged assault against Plaintiff in January 2019 by the named defendants may proceed after he pays the filing fee or is granted IFP status. The Court will dismiss the remainder of the Section 1983 claims in the amended complaint without prejudice.

An appropriate order follows.

DATE:  June 3, 2021

                             <u>s/Renée Marie Bumb</u>
                             **RENÉE MARIE BUMB**
                             **United States District Judge**